UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERIK H.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:22-cv-01270-AR

OPINION AND ORDER

**ARMISTEAD, Magistrate Judge**

    In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Erik H. (his last name omitted for privacy) challenges the Administrative Law Judge's assessment of his residual functional capacity (RFC). He argues that the RFC was based on a legally incorrect finding that the medical opinion of Teresa Andreoli, Psy.D., was unpersuasive; that the ALJ failed to consider all probative and relevant evidence; and that the

ALJ failed to provide germane reasons for discounting the lay witness testimony. The court agrees with plaintiff and therefore REVERSES and REMANDS the Commissioner's decision.[1]

## ALJ'S DECISION

Plaintiff applied for Title XVI Social Security Income (SSI) on January 25, 2019, alleging disability beginning March 15, 2017. (Tr. 184.) His claim was initially denied on May 17, 2019, and again upon reconsideration on March 13, 2020. (Tr. 64, 80.) Afterwards, plaintiff filed for a hearing that was held before the ALJ on March 3, 2021. (Tr. 36.)

In denying plaintiff's application for SSI, the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ determined plaintiff has not engaged in substantial gainful activity since January 7, 2019, the application date. (Tr. 17.) At step two, the ALJ determined that he had the following severe impairments: major depressive disorder, attention deficit disorder (ADD), obesity, and obstructive sleep apnea. (Tr. 17.) At step three, the ALJ determined that his impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 17.)

As for the ALJ's assessment of plaintiff's RFC, 20 C.F.R. § 416.945, the ALJ determined that plaintiff has the RFC to perform a full range of work with the following non-exertional limitations: no climbing of ladders, ropes or scaffolds; occasional, concentrated exposure to

---

[1] This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. § 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

Page 2 – OPINION AND ORDER

atmospheric conditions; avoidance of concentrated exposure to workplace hazards such as unprotected heights and operational control of moving machinery; understanding and carrying out instructions is limited to simple instructions of reasoning level 1 or 2; no contact with the general public and occasional contact with coworkers and supervisors; and a work environment with few changes. (Tr. 19.)

At step four, the ALJ determined that plaintiff cannot perform his past relevant work as a stock clerk. (Tr. 29.) With the RFC in hand, the ALJ found at step five that jobs exist in significant numbers in the national economy that plaintiff can perform, including such representative occupations as kitchen helper, laundry worker, and warehouse worker. (Tr. 31.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

\\\\\

\\\\\

\\\\\

## DISCUSSION

### A.  *Dr. Andreoli's Medical Opinion*

For disability claims filed on or after March 27, 2017, new regulations for evaluation medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 416.920c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant.") Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 416.920c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinions. *Id.* § 416.920c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 416.920c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 416.920c(c)(3). An ALJ is not, however, required to explain how they considered those secondary medical factors unless they find that two or more medical opinions about the same issue are equally well-

Page 4 – OPINION AND ORDER

supported and consistent with the record but are not identical. *Id.* § 416.920c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 416.920c(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").[3]

In this case, Dr. Andreoli conducted a psychological evaluation (a clinical interview, record review, and extensive testing) of plaintiff in May 2019. The ALJ summarized the psychological evaluation as follows:

> [Plaintiff] had some difficulty with short-term working memory and this impacted his concentration and persistence. There is likely an underlying baseline limitation in attention, but his mood state and behavioral response limit his outward performance. He has limitations in family and social support and this serves to compromise his overall adjustment and reinforces his behavioral problems of social isolation. He demonstrated limits in insight and judgment and will benefit from continued engagement in therapy and motivational interviewing to support his functional gain[s]. *He has daily struggles functioning with minimal demands and would not be able to meet the additional demands in a work environment.*

(Emphasis added.) The ALJ, however, found the opinion unpersuasive. To begin with, the ALJ stated that, although "it is supported with explanation, it does not describe functional limitations." Second, the opinion was unpersuasive to the ALJ because it "is not supported with

---

[3]    Under the new framework, the ALJ is no longer required to "provide specific and legitimate reasons for rejecting an examining doctor's opinion;" rather, the ALJ's reasons must "simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

the overall unremarkable mental status examination findings, other than with regards to immediate memory" and "is not consistent with the record as a whole," on the basis that the record indicates "overall normal mental status examination findings, including normal memory, attention, thought process and appearing to be obtaining SSI." Finally, the ALJ found that plaintiff "refused repeat recommendations" for medication despite initially finding some improvement using psychotropic medication. (Tr. 28.)

On review, plaintiff takes issue with those findings, arguing that the ALJ's explanation was legally insufficient. Upon reviewing in full Dr. Andreoli's evaluation, the court agrees with plaintiff.

First, as to the ALJ's finding that Dr. Andreoli's opinion does not describe functional limitations, whether the ALJ is correct or incorrect is of little consequence. That is because the ALJ provides no reasoning, offering instead a singular statement without explanation. As such, it leaves this court with nothing to meaningfully review and is legal error. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

Second, plaintiff's presentation with normal memory, attention, thought process and content, and fair insight and judgment are not valid inconsistencies because they do not contradict plaintiff's symptoms. The Ninth Circuit has rejected reliance on similar observations in the context of evaluating mental health impairments. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (rejecting ALJ's reliance on the claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive
Page 6 – OPINION AND ORDER

functioning during therapy sessions [did] not contradict [the claimant's] reported symptoms of depression and social anxiety"). Also, although there are reports of good or fair insight and judgment among the ALJ's cited evidence, those reports are rare, unexplained, and one is simply a checked box. (Tr. 288, 292, 295, 320). Considering plaintiff's consistent reports of depression, distrust in the system, and lack of engagement due to not believing he is capable of being helped, it is baffling that the ALJ could find plaintiff had anything resembling good or fair judgment. (Tr. 317-18, 321, 361, 362, 371-72, 384, 388, 392, 395, 397, 401, 403, 405, 411, 413, 415, 417, 420.) Thus, this reason for discounting Dr. Andreoli's opinion is not supported by substantial evidence.

The ALJ's final reason rests on plaintiff trying psychotropic medication for less than a year, reporting some improvement, and then stopping while also declining to engage in all medication management. (Tr. 28.) Although failing to comply with treatment or improving with treatment are reasons to discount a plaintiff's subjective symptom testimony, the ALJ does not explain how those reasons render Dr. Andreoli's medical opinion unsupported, inconsistent, and ultimately unpersuasive.

Given the above, substantial evidence does not support the ALJ's finding that Dr. Andreoli's opinion was not persuasive and the ALJ has erred.

**B.**     *All Relevant and Probative Evidence*

Plaintiff argues that the ALJ erred by failing to consider his pediatric medical records because they contain significant and probative evidence concerning his current conditions. Although those records predate his alleged onset date by 17 to 20 years, in plaintiff' view, they provide insight into his treatment noncompliance, extreme hopelessness, and unwillingness to try

Page 7 – OPINION AND ORDER

mental health medications and therapy. Plaintiff contends that, despite the records being remote, they provide probative information about his conditions and lack of employment during the relevant period (Pl.'s Br. 10-15, ECF 10.) The court disagrees.

The Ninth Circuit has determined that the probative value of most remote evidence is of "limited relevance." *Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008). Plaintiff relies on *Good v. Colvin*, Case No. 3:15-cv-00304-ST, 2016 WL 659732, at *3 (D. Or. Feb. 18, 2016). In *Good*, Judge Stewart determined that the ALJ erred in failing to consider educational records that predated the claimant's alleged onset date. Judge Stewart discussed that some of the educational records fell outside the relevant period, and that later records fell within the relevant period. Importantly, "[t]hroughout the educational records," the claimant's providers identified deficiencies in social functioning, persistence, task completion, attendance, and behavioral issues that would be intolerable in a work setting. *Id.* Because the claimant was still in school on his alleged onset date and had no employment history, Judge Stewart concluded that the educational records were significant and probative, and that the ALJ committed harmful error by failing to consider them. *Id.* at *3.

Plaintiff argues *Good* is analogous because plaintiff has very limited work history and his pediatric records "demonstrate severe limitations in social functioning, persistence, task completion, and attendance that are potentially greater than the limitations in the RFC." (Pl.'s Br. 14, ECF 10.) The facts in *Good*, however, are inapposite to plaintiff's circumstances. Plaintiff's pediatric records, which predate his alleged onset of disability by 17 to 20 years, are significantly more remote than those in *Good*. And, in contrast to *Good*, plaintiff is no longer in school and has employment history, albeit quite limited work experience. Finally, there are more recent

records that discuss plaintiff's history of hospitalizations, difficulty with medications, and his educational difficulties, as well as records that document intervening events, such as the birth of plaintiff's daughter and him living independently. Because more recent records exist that speak to plaintiff's employability, unlike *Good*, the need to rely on records that are 17 to 20 years outside of the relevant period is greatly reduced. For all those reasons, the court concludes that plaintiff's pediatric medical records are not significant and probative, and the ALJ did not err in failing to consider them. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (holding and ALJ is only required to explain why "significant probative evidence has been rejected").

## C.   *Lay Witness Testimony*

Andrea Hanson, plaintiff's aunt, submitted a third-party function report on plaintiff's behalf. Plaintiff argues the ALJ failed to properly consider this lay witness testimony. In the report, Hanson spoke about plaintiff's struggles with mental health since he was three years old and how he received counseling, medication, hospitalizations, and special education services. She stated that in his childhood years, plaintiff had aggressive behavior that posed a safety risk to others, was never properly socialized, and was unable to get a traditional education. (Tr. 274.) In his adult years, she related that plaintiff struggles with crippling anxiety, is unable to make or retain friendships, isolates, cannot use public transportation or advocate for himself, and receives tremendous support when it comes to grocery shopping, cooking, household chores, and medication management. Hanson concludes by stating that plaintiff does not possess the basic social and interpersonal skills to maintain employment because of his erratic mood swings and oppositional defiant disorder. (Tr. 275.)

Page 9 – OPINION AND ORDER

The ALJ acknowledged Hanson's testimony ("I have reviewed and considered" her statements) but did not otherwise in the decision articulate her reasons for discounting it. Plaintiff argues that the ALJ's mere acknowledgement of Hanson's testimony is insufficient to satisfy what the Ninth Circuit has said is necessary explanation for assessing lay witness testimony. See *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012) ("We have held that competent lay witness testimony cannot be disregarded without comment, and that in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness.") (simplified).

The Commissioner responds that the ALJ did not commit error legal error because 20 C.F.R. § 416.920c(d) does not require ALJs to articulate how they consider nonmedical source statements. (Def.'s Br. 15, ECF 14.) The Commissioner is mistaken. Although the ALJ "is not required to articulate how [they] considered evidence from nonmedical sources" using the same criteria required for the evaluation of medical sources, the ALJ must still "articulate his assessment of the lay-witness statements." *Tanya L. L. v. Comm'r Soc. Sec.*, 526 F. Supp. 3d 858, 869 (D. Or. 2021); 20 C.F.R. § 416.920c(d). The ALJ provided no such assessment, simply stating that he has "reviewed and considered the statements of Hanson, along with all other evidence in the claim, before reaching the conclusions described in this decision." (Tr. 21.)

The Commissioner also argues that the ALJ discounted the lay witness testimony for the same reasons as plaintiff's subjective symptom testimony and, because Hanson's testimony was similar to plaintiff's, the ALJ could rely on the same reasons to reject her testimony and any error is harmless. *See Molina,* 674 F.3d at 1114 ("[I]f the ALJ gives germane reasons for *rejecting* testimony by one witness, the ALJ need only point to those reasons when rejecting

Page 10 – OPINION AND ORDER

similar testimony by a different witness." (emphasis added)); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for *discrediting* the testimony of a lay witness." (emphasis added)). The Commissioner's argument is flawed.

At bottom, the Commissioner asks the court to infer that Hanson's testimony was rejected. But it is unknown whether the ALJ rejected or discredited Hanson's testimony on the same basis as plaintiff's testimony because the ALJ merely states that her testimony was "considered" without explanation, leaving the court to guess. On this record, the court concludes that the ALJ erred in failing to provide a germane reason to discount her testimony. Additionally, because Hanson described limitations that plaintiff's testimony does not, the court cannot conclude that the ALJ's failure to appropriately discount her lay testimony was harmless. *Molina*, 674 F.3d at 1122.

### D.  *Remedy*

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d

Page 11 – OPINION AND ORDER

403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Having concluded that the ALJ erred, the court must determine the proper remedy. Plaintiff contends that an award for an immediate payment of benefits is appropriate because when Ms. Hanson's testimony and Dr. Andreoli's medical opinion are properly credited, the ALJ would be required to find him disabled. The court disagrees. The ALJ discounted plaintiff's subjective symptom testimony, a finding that is unchallenged here. However, Dr. Andreoli and Hanson have attested to significant limitations supporting a finding of disability. Thus, a conflict exists that the ALJ is required to resolve and a remand for further proceedings is the proper course. *Treichler*, 775 F.3d at 1101. On remand, the ALJ must reevaluate Dr. Andreoli's medical opinion and provide legally sufficient reasons for accepting or rejecting it, as well as accept or reject the lay witness testimony and provide legally sufficient reasons for doing so, along with any further necessary proceedings. *Garrison*, 759 F.3d at 1019 (stating remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding")

## CONCLUSION

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further proceedings.

DATED: February 13, 2024

JEFF ARMISTEAD
United States Magistrate Judge